**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES M. SINGER,

    Plaintiff,

    v.

BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-13-3059

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MEHALCHICK)

## MEMORANDUM

Presently before the Court is Magistrate Judge Mehalchick's Report and Recommendation (Doc. 11) to Plaintiff's Complaint. Because the Complaint is frivolous and fails to state a claim upon which relief can be granted, the Report and Recommendation will be adopted and the Complaint will be dismissed with prejudice.

## I. Background

As set forth in the Report and Recommendation, this action is the seventh and most recent in a series of federal lawsuits brought by Plaintiff relating to the suspension of his Pennsylvania license to practice psychology in 1992. In this action, Plaintiff names the following Defendants: Bureau of Professional and Occupational Affairs (the "Bureau"); the State Board of Psychology (the "Board"); Frank Monaco; John Kelly; Sally Ulrich; John Gillespie; John Pifer; and FBI Agent Harris. The Bureau, the Board, Frank Monaco, and John Kelly were all named defendants in Plaintiff's sixth lawsuit. *See Singer v. Bureau of Prof'l & Occupational Affairs*, No. 12-527, 2012 WL 5879729, at *1 (M.D. Pa. Nov. 21, 2012). The claims in that action were dismissed as untimely. *See id.* at *5-7. The Third Circuit affirmed the dismissal of Plaintiff's claims on June 19, 2013. *See Singer v. Bureau of Prof'l & Occupational Affairs*, 523 F. App'x 185, 187 (3d Cir. 2013). And, finding that this lawsuit is based on the same events and claims as those set forth in his prior actions, Magistrate Judge Mehalchick recommends that the claims against the Bureau, the Board,

Frank Monaco, and John Kelly be dismissed with prejudice based on the doctrine of *res judicata*.

With respect to the claims against Sally Ulrich ("Ulrich"), John Pifer ("Pifer"), John Gillespie ("Gillespie"), and FBI Agent Harris, Magistrate Judge Mehalchick recommends that the claims against these Defendants be dismissed with prejudice because they are barred by the statute of limitations. The Magistrate Judge notes that the most recent act alleged by Plaintiff relates to Pifer's conduct on November 28, 2011. (*Compl.*, ¶¶ 54-55.) As to the other Defendants, the claims against Ulrich are based on a series of events ending in 1992 when Plaintiff's license to practice psychology was suspended; the claims against Gillespie relate to a series of interactions with Singer that ended in August 2010; and the claims against FBI Agent Harris are based on a single telephone call on March 5, 2010. And, because Plaintiff's Complaint was not docketed until December 19, 2013, Magistrate Judge Mehalchick concludes that Plaintiff failed to timely file his claims against Defendants Ulrich, Pifer, Gillespie, and FBI Agent Harris.

On May 12, 2014, Plaintiff filed a document entitled "Motion for Reconsideration of Complaint Correction and Clarification of Judge's Report and Recommendations," (Doc. 12), which has been construed as an objection to the Report and Recommendation. The Report and Recommendation and Plaintiff's objections thereto are thus ripe for review.

## II. Discussion

Plaintiff argues that the Report and Recommendation should be rejected. First, Plaintiff objects to the recommendation to dismiss the claims against the Bureau, the Board, Frank Monaco, and John Kelly on *res judicata* grounds because "*res judicata* does not apply[ ] since no judge has ever considered the specific merits criminal violations by Defendants." (Doc. 12, ¶ 85.) Plaintiff also contends that the Magistrate Judge erred in recommending that the claims against Ulrich, Pifer, Gillespie, and FBI Agent Harris be

dismissed as untimely.

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376-77 (M.D. Pa. 1998).

The Report and Recommendation will be adopted and Plaintiff's claims will be dismissed. As to the claims against the Bureau, the Board, Frank Monaco, and John Kelly, these claims are precluded by *res judicata* because the requirements necessary to invoke this doctrine are present in this case. *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (*res judicata* requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."). Thus, the claims against these Defendants will be dismissed.

The claims against Defendants Ulrich, Gillespie, and FBI Agent Harris will also be

3

dismissed. The allegations against these Defendants all relate to events that occurred in 2010 or earlier. And, as "[c]laims under 42 U.S.C. § 1983 are governed by the state's statute of limitations for personal injury claims," " *Mills v. City of Phila.*, 479 F. App'x 414, 415 (3d Cir. 2012), and the statute of limitations applicable to § 1983 claims in Pennsylvania is two years, *see id.* (citing 42 Pa. Cons. Stat. § 5524), Plaintiff failed to timely file his claims against Defendants Ulrich, Gillespie, and FBI Agent Harris. Moreover, as explained in Plaintiff's 2012 action, the continuing violations doctrine does not render his claims timely. *See Singer v. Bureau of Prof'l & Occupational Affairs*, No. 12-527, 2012 WL 5879729, at * (M.D. Pa. Nov. 21, 2012) ("a continuing violation is occasioned by continual unlawful acts, not continual ill effects from the original violation.").

Lastly, Plaintiff objects to the Magistrate Judge's conclusion that the claims against Pifer were filed beyond the applicable two-year limitations period. In particular, Plaintiff asserts that Magistrate Judge Mehalchick improperly determined that the Complaint in this action was filed on December 19, 2013. According to Plaintiff (and confirmed by an attachment to his objections to the Report and Recommendation), he emailed a copy of the Complaint to the Clerk's Office on November 26, 2013. And, as his claims against Pifer are based on events that occurred on November 28, 2011, Plaintiff argues that these claims were timely filed within the limitations period.

Plaintiff's claims against Pifer will be dismissed. First, I am unaware of any case holding that a federal lawsuit can be properly initiated by emailing a copy of the complaint to the Clerk's Office, and Plaintiff fails to cite any authority to support such a proposition. *Cf. Mesquida v. Whole Foods Mkt. Rocky Mountain/Southwest, L.P.*, No. 12-cv-2245, 2013 WL 6168844, at *1 (D. Colo. Nov. 25, 2013) (attorney's attempt "to file suit by attaching his summons and complaint to an email he sent to the Clerk of this Court" was an improper means to commence an action because"all filings, including new cases, must be submitted

via the Court's ECF filing system."); *see also* M.D. Pa. Local Rule 5.6 ("a pro se litigant who is not a registered user of the court's Electronic Case Filing system *shall file in paper form* rather than electronically."). Second, and irrespective of the timeliness of these claims, Plaintiff fails to state a claim against Pifer. Plaintiff's claims against Pifer are based on Pifer's interactions with Dorothy Cotter on November 28, 2011. Specifically, Pifer indicated to Dorothy Cotter that he was informed that Plaintiff "made threats," which Plaintiff alleges he did not actually make. (*Compl.*, ¶ 54.) Dorothy Cotter then explained to Pifer that Plaintiff had previously reported instances of child abuse, but these reports were nevertheless covered up. (*Id*. at ¶ 55.) Plaintiff thus claims that Pifer "should have investigated, after being informed on November 28, 2011 about the retaliation by government to cover up child abuse." (*Id*.) And, by failing to investigate the alleged retaliation, Plaintiff contends that Pifer violated his rights. (*Id*. at ¶ 57.) These allegations fail to state a viable claim that John Pifer deprived Plaintiff of his constitutional rights. As such, the claims against John Pifer are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and the Complaint will be dismissed. And, although the Third Circuit has instructed that a district court must permit a curative amendment if a claim is vulnerable to dismissal for failure to state a claim, a court need not grant leave to amend if amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Because the grounds for dismissal of the Complaint are not curable by amendment, it would be futile to allow Plaintiff to amend his claims. Thus, the Complaint will be dismissed with prejudice.

An appropriate order follows.

| | |
|---|---|
| May 16, 2014<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |